U.S. DISTRICT COURT
FILED AT WHEELING, WV

MAY 13 2011

NORTHERN DISTRICT OF WV
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

| | |
|---|---|
| JOHN BUMBERA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 5:11-cv-72 |
| vs. ) | |
| ) | |
| REGENCY CREDIT, L.L.C., ) | JURY DEMAND ENDORSED HEREON |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES the Plaintiff, JOHN BUMBERA, by and through his attorneys, LUXENBURG & LEVIN, LLC, and for his Complaint against the Defendant, REGENCY CREDIT, L.L.C., Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the West Virginia Consumer Credit and Protection Act (hereinafter the "WVCCPA"), W. Va. Code § 46-A-2-122, *et seq.*

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq.* Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

### PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Wheeling, West Virginia.

4.      Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) and W. Va. Code § 46-A-2-122(a), as he is a natural person allegedly obligated to pay a debt.

5.      At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and W. Va. Code § 46-A-2-122(d), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6.      The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

7.      On information and belief, Defendant is a limited liability company of the State of Arizona, which is licensed to do business in West Virginia and which has its principal place of business in Tempe, Arizona.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

8.      During or about November of 2010, Defendant's representatives and/or employees began contacting Plaintiff by telephone in attempts to collect the aforementioned alleged debt.

9.      During at least one of the aforementioned telephone calls, Defendant's representative and/or employee used abusive language with Plaintiff, stating "This is why the country is in bad shape – people like you."

10.     During at least one of the aforementioned telephone calls, Defendant's representative and/or employee threatened to call Plaintiff every day until Plaintiff paid the alleged debt, just to harass him.

11. In addition, Defendant's representatives and/or employees threatened to seize Plaintiff's bank account, house and retirement fund to satisfy the alleged debt. However, to the best of Plaintiff's knowledge, no legal action has been initiated against Plaintiff and Defendant lacks the legal standing to do so.

12. Defendant failed to provide to Plaintiff the notice required by 15 U.S.C. § 1692g(a).

13. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

   a. Using language, the natural consequence of which was to abuse Plaintiff, in violation of 15 U.S.C. § 1692d(2);

   b. Representing or implying that nonpayment of the alleged debt would result in the seizure, garnishment, attachment and/or sale of Plaintiff's property where such action was unlawful and/or Defendant did not intend to take such action, in violation of 15 U.S.C. § 1692e(4);

   c. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

   d. Falsely representing or implying that Defendant's representative and/or employee was an attorney or was communicating on behalf of an attorney, in violation of 15 U.S.C. § 1692e(3);

   e. Using false, deceptive or misleading representations or means in connection with the collection of the alleged debt or to obtain information about Plaintiff, in violation of 15 U.S.C. § 1692e(10);

    f.      Failing to provide the notice to Plaintiff which is required by 15 U.S.C. § 1692g(a); and

    g.      By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

14.    As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, JOHN BUMBERA, respectfully prays for a judgment against Defendant as follows:

    a.      Statutory damages of $1,000.00 for each violation of the FDCPA;

    b.      All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    c.      Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the West Virginia Consumer Credit and Protection Act)

15.    Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

16.    In its attempts to collect the aforementioned alleged debt, Defendant violated the WVCCPA in one or more of the following ways:

    a.      Using language, the natural consequence of which was to abuse Plaintiff, in violation of W. Va. Code § 46A-2-125(a);

    b.      Representing or implying that nonpayment of the alleged debt the seizure, garnishment, attachment and/or sale of Plaintiff's property where such

    action was unlawful and/or Defendant did not intend to take such action, in violation of W. Va. Code § 46A-2-124(e);

c.  Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of W. Va. Code § 46A-2-124;

d.  Falsely representing or implying that Defendant's representative and/or employee was an attorney or was communicating on behalf of an attorney, in violation of W. Va. Code § 46A-2-127;

e.  Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt or to obtain information about Plaintiff, in violation of W. Va. Code § 46A-2-127; and

f.  By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the WVCCPA.

17.  As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, JOHN BUMBERA, respectfully prays for a judgment against Defendant as follows:

a.  Statutory damages of $1,000.00 for each violation of the WVCCPA;

b.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c.  Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

Respectfully Submitted,

David B. Levin (10939)
Attorney for Plaintiff
Luxenburg & Levin, LLC
23875 Commerce Park
Suite 105
Beachwood, OH 44122
(888) 493-0770, ext. 302 (phone)
(866) 551-7791 (facsimile)
David@LuxenburgLevin.com